FILED
OCT 20 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEVERLEY JANE WELLINGTON, pro se

Plaintiff,

v.

BANK OF AMERICA, N.A.

DOES 1 - 10, inclusive

Defendants.

CASE No. C25-09011 YGR

COMPLAINT

JURY DEMAND

## COMPLAINT

## DEMAND FOR JURY TRIAL

I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to **28 U.S.C. §1331**, as this action arises under the laws of the United States, including provisions of the **Internal Revenue Code** and applicable **federal banking regulations**.

2. This Court has supplemental jurisdiction over related state law claims pursuant to **28 U.S.C. §1367(a)**, including claims for unjust enrichment and breach of fiduciary duty.

22  3. Venue is proper in this District pursuant to **28 U.S.C.**
23     **§ 1391(b)(1)-(2)** because:

24        o Defendant **Bank of America, N.A.** conducts substantial
25          business operations within this District;

26        o Defendant has asserted that the subject account was
27          domiciled in California; and

28        o A substantial part of the events or omissions giving
29          rise to the claims occurred in this District.

30  4. This Court has personal jurisdiction over **Bank of**
31     **America, N.A.,** a federally chartered national banking
32     association conducting regular and systematic business
33     within the State of California and within the Northern
34     District of California. Correct — next is the **Parties**
35     section. Here's the properly formatted version:

36  **II. PARTIES**

37  5. **Plaintiff Beverley Jane Wellington** is a citizen of the
38     United Kingdom, residing at
39     **Els Gorrions, Polígono 13, Parcela 85, Camí de Son Colom,**
40     **Llucmajor, 07620, Mallorca, Spain.**
41     Plaintiff is the surviving spouse and sole beneficiary of
42     the estate of **Andrew Brenton Barry,** deceased.

43  6. **Defendant Bank of America, N.A.** is a federally chartered
44     national banking association with its principal place of
45     business located at

| | |
|---|---|
| 46 | **100 North Tryon Street, Charlotte, North Carolina 28255.** |
| 47 | Defendant conducts regular and systematic business |
| 48 | throughout the United States, including within the |
| 49 | **Northern District of California,** where it maintains |
| 50 | banking locations, personnel, and estate servicing |
| 51 | operations. |
| 52 | 7. The true names and capacities of other persons, entities, |
| 53 | or organizations, if any, who may have participated in |
| 54 | the acts and omissions alleged herein are presently |
| 55 | unknown. Plaintiff will amend this Complaint to name such |
| 56 | defendants when their identities become known. |
| 57 | III. **FACTUAL ALLEGATIONS** |
| 58 | 8. On or about July 20, 2023, Andrew Brenton Barry, a |
| 59 | citizen of the United Kingdom, died in Mallorca, Spain. |
| 60 | He maintained a personal checking account with Bank of |
| 61 | America, N.A., ending in [REDACTED], with a balance of |
| 62 | approximately $119,645.35 USD at the time of death. |
| 63 | 9. On or about August 2023, Plaintiff notified Bank of |
| 64 | America of Mr. Barry's death and submitted the official |
| 65 | death certificate, along with supporting documentation |
| 66 | identifying her as the surviving spouse and sole |
| 67 | beneficiary under Mr. Barry's will. |
| 68 | 10. Bank of America froze the account and internally |
| 69 | assigned Estate Case ID: 20230810DP1000882. Despite doing |

so, the account title was not updated to reflect the estate, and statements continued to be issued in the name of the deceased.

11. Plaintiff originally informed Defendant that the account had been opened in Fort Lauderdale, Florida, where she was physically present at the time of account creation. Nevertheless, Defendant insisted that the account was "domiciled in California" and refused to proceed unless Plaintiff complied with California probate procedures. Relying on those representations, Plaintiff incurred international travel expenses to personally visit a Bank of America branch in Mill Valley, California, where she submitted a notarized California Small Estate Affidavit, a Letter of Instruction, and all requested documentation. A branch manager confirmed that all documentation was in order and assured Plaintiff that funds would be released within five business days.

12. Upon Plaintiff's return to Spain, Defendant's estate servicing department, through agent Nidia Brown, reversed course and informed Plaintiff that no funds would be released without an IRS Transfer Certificate.

13. Between January 2024 and September 2025, Plaintiff submitted Form 706-NA to the Internal Revenue Service on three separate occasions. To date, the IRS has not responded, nor has it issued any transfer certificate.

14. Specifically, the funds at issue consist of a personal checking account maintained at a U.S. national bank and are not effectively connected to a U.S. trade or business. Under 26 U.S.C. § 2105(b)(1) and § 871(i)(3)(A), such deposits are explicitly excluded from the U.S. gross estate of a nonresident alien and are not subject to estate tax or transfer certificate requirements.

15. Defendant has been informed repeatedly that no transfer certificate is required under federal law for the release of non-taxable foreign estate funds, yet continues to withhold the funds without legal justification.

16. Since late 2023, Defendant has ceased meaningful communication with Plaintiff and failed to respond to emails or resolve the matter despite having no outstanding documentation requests on file.

## IV. CAUSES OF ACTION

**First Cause of Action: Declaratory Judgment**

17. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 that an IRS Transfer Certificate is not required for the release of the funds in question, as the estate is exempt from U.S. estate tax pursuant to 26 U.S.C. §§ 871(i)(3)(A), 2105(b)(1), and the U.S.-U.K. Estate Tax Treaty.

**Second Cause of Action: Injunctive Relief**

18. Plaintiff seeks injunctive relief compelling Defendant to reclassify the account as belonging to the Estate of Andrew Brenton Barry and to immediately release all funds therein to Plaintiff as the rightful beneficiary and estate representative.

**Third Cause of Action: Unjust Enrichment**

19. Defendant has unjustly retained the benefit of holding the funds belonging to the decedent's estate for over two years without legal justification, during which time Defendant has likely used or invested such funds to its own advantage.

**Fourth Cause of Action: Breach of Fiduciary Duty**

20. Defendant, by virtue of accepting the estate servicing responsibilities and internal assignment of an estate case ID, owed a fiduciary duty to handle the estate matter with reasonable care and good faith. Defendant breached this duty by refusing to release funds, imposing unjustified requirements, and failing to communicate with Plaintiff.

**Fifth Cause of Action: Negligent Misrepresentation**

21. Defendant, through its employees and agents, made false and inconsistent statements concerning the requirements for estate disbursement, causing Plaintiff

to incur unnecessary travel and legal expenses in reliance on such statements.

**Sixth Cause of Action: Bad Faith Banking Practices**

22. Defendant's conduct, including persistent delays, failure to update account records, refusal to respond to communications, and imposition of non-applicable requirements, constitutes bad faith and abusive banking practices that have caused financial and emotional harm to Plaintiff.

## VII. DAMAGES

23. Plaintiff has suffered financial harm as a direct result of Defendant's unlawful withholding of estate funds. Specifically:

24. Plaintiff has been deprived of access to $119,645.35 in liquid assets for over two years, preventing settlement of estate obligations and causing significant financial strain.

25. Plaintiff has incurred out-of-pocket expenses exceeding $9,000 USD, including transatlantic travel, lodging, and legal consultations, all of which were made necessary by Defendant's unlawful conduct and refusal to release the funds.

26. Plaintiff has suffered substantial emotional distress and anxiety as a result of Defendant's prolonged and unjustified withholding of the estate assets.

**27.** Plaintiff is entitled to prejudgment interest on the withheld sum from August 2023 to the present under applicable common law and equitable principles of restitution and unjust enrichment.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Issue an ex parte Temporary Restraining Order enjoining Defendant from further withholding of the decedent's funds based on an IRS Transfer Certificate requirement;

2. In the alternative, issue an Order to Show Cause directing Defendant to appear within 24-48 hours to show cause why a Temporary Restraining Order should not be granted;

3. In the further alternative, set an expedited hearing date for a Preliminary Injunction within 5-7 days;

4. Order Defendant to immediately reclassify the account as belonging to the Estate of Andrew Brenton Barry;

5. Order Defendant to release the funds to Plaintiff as lawful estate representative;

6. Order Defendant to post a bond in the amount of $119,645.35 if immediate release is not granted;

7. Award Plaintiff prejudgment interest on the withheld funds from August 2023 to the present;

8. Award Plaintiff compensatory damages for out-of-pocket costs associated with travel and legal efforts incurred as a result of Defendant's conduct;

9. Award Plaintiff damages for emotional distress caused by Defendant's conduct;

10. Grant such other and further relief as the Court deems just and proper.

DATED: October 20, 2025

Respectfully submitted,

*/s/ B. Wellington*

**BEVERLEY JANE WELLINGTON**

Plaintiff, Pro Se

Mailing Address:

312 W. 2nd St #1550

Casper, WY 82601

United States

207  Residence Address:

208  Els Gorrions

209  Polígono 13, Parcela 85

210  Camí de Son Colom

211  Llucmajor, 07620

212  Mallorca, Spain