FILED
OCT 20 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 <u>UNITED STATES DISTRICT COURT</u>

2 <u>FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>

3

4

5 BEVERLEY JANE WELLINGTON, pro se

6 Plaintiff,

7 v.

8 BANK OF AMERICA, N.A.

9 DOES 1 - 10, inclusive

10 Defendants.

CASE No. C25-09011

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

11

12 **PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER**

13 **TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

14 Plaintiff BEVERLEY JANE WELLINGTON respectfully moves this

15 Court pursuant to Rule 65(b) of the Federal Rules of Civil

16 Procedure for the issuance of a Temporary Restraining Order

17 ("TRO") and an Order to Show Cause why a preliminary

18 injunction should not issue against Defendant BANK OF AMERICA,

19 N.A. ("BofA"), prohibiting BofA from continuing to withhold

20 estate funds belonging to the Estate of Andrew Brenton Barry

21 on the pretext of requiring an IRS Transfer Certificate, and

22 compelling immediate reclassification of the account and

23  disbursement to the Plaintiff as rightful representative of
24  the estate.

25  Plaintiff seeks this relief ex parte because immediate and
26  irreparable injury will result before Defendant can be heard
27  in opposition, as evidenced by Defendant's two-year pattern of
28  delay and ceased communications since late 2023.

29  In the alternative, should the Court decline to issue ex parte
30  relief, Plaintiff respectfully requests the Court issue an
31  Order to Show Cause directing Defendant to appear within 24-48
32  hours to show cause why a Temporary Restraining Order should
33  not issue, with service accomplished by email to Defendant's
34  registered agent and legal department.

35  In the further alternative, Plaintiff requests that the Court
36  set an expedited hearing on the motion for preliminary
37  injunction within 5-7 days, and in the interim, order
38  Defendant to either: (a) preserve the status quo by not
39  dissipating, transferring, or escheating the funds, and (b)
40  post a bond in the amount of $119,645.35 to secure Plaintiff's
41  interest pending resolution of this matter.

42  This Motion is based upon the following Memorandum of Points
43  and Authorities, the concurrently filed Verified Complaint,
44  the Declaration of Beverley Jane Wellington filed herewith,
45  exhibits attached thereto, and all papers and records on file
46  in this action.

47 **MEMORANDUM OF POINTS AND AUTHORITIES**

48 **I. INTRODUCTION**

49 Plaintiff is the widow and legal heir of Andrew Brenton Barry,
50 a United Kingdom citizen and non-resident alien who passed
51 away on July 20, 2023. At the time of his death, the decedent
52 maintained a personal checking account with Defendant BofA in
53 the United States with a balance exceeding $119,000. Plaintiff
54 promptly notified BofA of his death and submitted all
55 documents requested by Defendant, including the death
56 certificate, a notarized California Small Estate Affidavit,
57 passport copies, and a letter of instruction. A BofA branch
58 manager personally confirmed in December 2023 that Plaintiff's
59 documents were in order and funds would be released.

60 However, weeks later BofA reversed its position and began
61 insisting—without statutory basis—that an IRS Form 706-NA
62 Transfer Certificate must be obtained before releasing the
63 funds. Despite Plaintiff's repeated attempts over two years to
64 comply, the IRS has failed to issue any such certificate,
65 likely because one is not required under controlling law.

66 Defendant continues to withhold the entirety of the decedent's
67 estate funds while refusing to update the account title or
68 engage in meaningful communication. Plaintiff, age 61 and
69 residing abroad, has made multiple international trips at a
70 personal cost exceeding $9,000 USD in a futile effort to

satisfy ever-shifting requirements imposed by Defendant. The frozen funds represent the overwhelming majority of the estate's liquid assets, obstructing its administration and imposing personal hardship. Plaintiff seeks immediate injunctive relief to prevent further harm caused by Defendant's unjustified, unlawful, and bad faith conduct.

Upon information and belief, Bank of America routinely imposes this ultra vires requirement on foreign estates, constituting a pattern and practice requiring judicial intervention.

## II. LEGAL STANDARD

Under Rule 65(b), a temporary restraining order is appropriate where the moving party shows: (1) a likelihood of success on the merits; (2) irreparable harm absent relief; (3) that the balance of equities tips in her favor; and (4) that the public interest favors the injunction. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

## III. ARGUMENT

### A. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

Under the Internal Revenue Code and applicable treaty law, the funds at issue are **not subject to U.S. estate tax**. Section 2105(b)(1) of the Internal Revenue Code explicitly excludes from the gross estate any deposits with banking institutions

in the United States that are not effectively connected with a U.S. trade or business. See 26 U.S.C. § 2105(b)(1). Section 871(i)(3)(A) further provides that such bank deposits are not considered U.S. situs property and are not subject to tax. See 26 U.S.C. § 871(i)(3)(A).

Decedent was a non-resident alien, and the funds in question were held in a personal checking account earning no taxable interest. Accordingly, these funds are exempt under both U.S. law and the U.S.-U.K. Estate Tax Treaty. No transfer certificate is required. The IRS has not issued a certificate despite multiple submissions over a two-year span, most likely because it has no jurisdiction over the exempt assets[1].

BofA's refusal to release the funds is contrary to law. Its own estate servicing materials cite no requirement that conflicts with these statutes. Its continued delay is arbitrary and capricious.

**B. PLAINTIFF WILL SUFFER IRREPARABLE HARM ABSENT INJUNCTIVE RELIEF**

Defendant's actions have already caused Plaintiff to suffer severe emotional distress, unnecessary international travel, significant legal expenses, and the inability to administer her late husband's estate. Courts have held that harm is

---

[1] Congress has excluded bank deposits of nonresident aliens from U.S. estate taxation since 1966, codifying this exemption in 26 U.S.C. §§ 871(i)(3)(A) and 2105(b)(1) to encourage foreign investment in U.S. financial institutions.

irreparable where a plaintiff is deprived of access to their rightful property due to bureaucratic obstruction, especially in cases involving final affairs of the deceased. See *Matos v. Goord*, 2003 WL 1702084 (S.D.N.Y. Mar. 31, 2003).

Further, the continued refusal to reclassify the account in the name of the Estate creates the risk that the funds will remain legally inaccessible, improperly reported, or escheated. No monetary award at the end of litigation can restore Plaintiff's lost time, dignity, and peace of mind.

## C. THE BALANCE OF EQUITIES FAVORS PLAINTIFF

Plaintiff seeks access only to funds to which she is legally entitled under U.S. and international law. Defendant, by contrast, suffers no legally cognizable harm by complying with its fiduciary obligations and statutory duties. The harm to Plaintiff greatly outweighs any burden on BofA.

## D. THE PUBLIC INTEREST FAVORS AN INJUNCTION

Foreign nationals hold approximately hundreds of billions of dollars in U.S. bank deposits. Allowing banks to impose extra-statutory requirements undermines Congress's explicit policy of exempting these deposits from estate tax to encourage foreign investment. The public has a compelling interest in ensuring that financial institutions do not delay or obstruct lawful estate administration. The integrity of the U.S.

banking system depends on institutions acting in good faith and in compliance with the law.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Issue an ex parte Temporary Restraining Order enjoining Defendant from further withholding of the decedent's funds based on an IRS Transfer Certificate requirement;

2. In the alternative, issue an Order to Show Cause directing Defendant to appear within 24-48 hours to show cause why a Temporary Restraining Order should not be granted;

3. In the further alternative, set an expedited hearing date for a Preliminary Injunction within 5-7 days;

4. Order Defendant to immediately reclassify the account as belonging to the Estate of Andrew Brenton Barry;

5. Order Defendant to release the funds to Plaintiff as lawful estate representative;

6. Order Defendant to post a bond in the amount of $119,645.35 if immediate release is not granted;

7. Grant such further relief as the Court deems just and proper.

DATED: October 20, 2025

163  Respectfully submitted,

164  **/s/ BEVERLEY JANE WELLINGTON**

165  Plaintiff, Pro Se

166  312 W. 2nd St #1550

167  Casper, WY 82601

168  United States

169  Els Gorrions, Poligono 13, Parcela 85

170  Cami de Son Colom, Llucmajor 07620

171  Mallorca, Spain